# IN THE SUPERIOR COURT
# OF GUAM

DIVINA ALEGRIA MCNEIL, for herself and as Guardian Ad Litem for the minors, RAMSES MENELEK MCNEIL and ISIS-MA'ANAN-TIY MCNEIL; SHAAKA-AMON_RE MCNEIL, individually; and TAHARQA-ISMA'IL MCNEIL individually,

Plaintiffs,

v.

GUAM MEMORIAL HOSPITAL AUTHORITY,

Defendant

———————————————

GUAM MEMORIAL HOSPITAL AUTHORITY,

Third Party Plaintiff,

v.

JOHN C. STEELE, M.D.,

Third Party Defendant.

Case No. CV0652-15

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Third Party Defendant John C. Steele, M.D.'s Motion for Summary Judgment. Attorney William Gavras represents the Plaintiffs. Attorney Thomas Fisher represents Defendant/Third Party Plaintiff Guam Memorial Hospital Authority. Attorney Jeffrey Cook represents Third Party Defendant John C. Steele,

M.D. Having considered the moving papers, arguments, record, and applicable law, the Court issues this Decision and Order denying Third Party Defendant John C. Steele, M.D.'s Motion for Summary Judgment.

## BACKGROUND

This matter arises out of Plaintiff Divina Alegria McNeil's ("Plaintiff") Complaint for Damages for Wrongful Death and Negligent Infliction of Emotional Distress against Defendant/Third Party Plaintiff Guam Memorial Hospital Authority ("GMH") filed June 30, 2015. GMH filed an Answer on February 15, 2016. On February 29, 2016, GMH filed a Third-Party Complaint against Third Party Defendant John C. Steel, M.D. ("Dr. Steele"). On December 27, 2016, Dr. Steele filed an Answer. On October 20, 2017, Dr. Steele filed the present Motion for Summary Judgment. On November 27, 2017, GMH filed an Opposition in response. On December 11, 2017, Dr. Steele filed a Reply. Determining that oral argument was not necessary, the Court took the matter under advisement on December 6, 2017.

## ISSUE

Whether there is a genuine issue with respect to a material fact.

## FACTS

1. Defendant/Third Party Plaintiff Guam Memorial Hospital Authority ("GMH") employed Third Party Defendant John C. Steele, M.D. ("Dr. Steele") in 2003. Dr. Steele maintained his employment throughout all times relevant in this matter.

2. Dr. Steele served as a Hospital Staff Physician at the Skilled Nursing Unit (SNU) with collateral duties as the Director of the SNU.

3. The Board of Trustees for GMH granted Dr. Steele the limited privileges to practice in adult and child neurology in July 2011.

4. On December 22, 2011, John Edward McNeil ("Mr. McNeil") was transferred to the SNU for rehabilitation after suffering a stroke.

5. On January 2, 2012, Mr. McNeil experienced respiratory distress. Registered Nurse Loressa Melegrito ("Melegrito") responded to Mr. McNeil and found that he was coughing and having difficulty breathing. An emergency "Code 72" log was utilized.

6. Melegrito then called the Guam Fire Department dispatch and asked for an ambulance and Advanced Cardiac Life Support ("ACLS") team to transport Mr. McNeil to the GMH Emergency Room.

7. Melegrito informed Dr. Steele of Mr. McNeil's acute respiratory distress and requested his assistance in obtaining emergency medical transport.

8. Dr. Steele went to Mr. McNeil's room and, after an examination, discovered that he was suffering from an obstruction of the airway.

9. After considering intubation, Dr. Steele decided to perform a tracheostomy. Dr. Steele cut into Mr. McNeil's trachea and inserted a cannula into his airway, which cleared Mr. McNeil's airway.

10. A tracheostomy is a surgical procedure to create an opening through the neck into the trachea. A tube is usually placed through this opening to provide an airway and to remove secretions from the lungs.

11. Neither adult nor child neurology include the use or performance of a tracheostomy. Dr. Steele was not privileged to perform tracheostomies at GMH or the SNU. The only specialized treatment procedures for which GMH gave Dr. Steele the privilege to perform were electroencephalography and interpretation.

12. Dr. Steele informed the nurses and medics that Mr. McNeil should not be moved until he had stabilized.

13. When Mr. McNeil was being placed in the ambulance, the cannula was dislodged from the trachea and his airway was compromised. Mr. McNeil's condition began to worsen.

## PRINCIPLES OF LAW

### Summary Judgment

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c); Izuka Corp. v. Kawasho International, (Guam), Inc., 1997 Guam 10 ¶ 7. Further,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. Bank of Guam v. Flores, 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading but must produce at least some significant probative evidence to support the pleading. Edwards v. Pacific Financial Corporation, 2000 Guam 27 ¶ 7. Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Id.

# ANALYSIS

In its Complaint, GMH alleges that Dr. Steele acted outside the scope of his employment contract with GMH when he performed the tracheostomy on Mr. McNeil. GMH further alleges that Dr. Steele did not act as an agent of GMH when conducting the medical procedure and committed negligence and medical malpractice. Dr. Steele asserts that his response to Mr. McNeil's respiratory distress was authorized by GMHA Medical Staff Bylaws because he was acting in an emergency situation. Dr. Steele contends that although a tracheostomy is outside his granted privileges, GMH's bylaws permitted him to conduct the procedure in Mr. McNeil's emergency situation.

The Medical Staff Bylaws of Guam Memorial Hospital Authority provide the following:

> **Emergency Clinical Privileges**
> **6.6-2 Conditions**
> B. Similarly, in an emergency involving a particular patient, a physician currently appointed to the Staff may be permitted by the Hospital to act in such emergency by exercising clinical privileges not specifically assigned to him/her.
> C. When the emergency situation no longer exists, such physician must request the temporary privileges necessary to continue to treat the patient. In the event such temporary privileges are denied or he does not request such privileges, the patient shall be assigned by the President of the Staff or his/her designee to an appropriate person currently appointed to the Staff. The wishes of the patient shall be considered in the selection of a substitute physician.

See Decl. of Jeffrey A. Cook, Exhibit B (Oct. 20, 2017). Under the plain language of the bylaw, GMH may permit a staff physician to respond to an emergency with privileges not specifically assigned to him. Dr. Steele argues that the bylaws "clearly and unequivocally permit professional staff/staff physicians to provide life-saving care in an emergency, even if that care is provided outside of established privileges." Mot. at 11 (Oct. 20, 2017). In response, GMH contends that Dr. Steele has failed to demonstrate that he had GMH's permission to act outside the scope of his privileges. Further, GMH Hospital Risk Management

Program Officer Aurora Cabanero provided through sworn declaration that to the best of her knowledge Dr. Steele was not permitted act outside his established privileges and perform the tracheostomy. Decl. of Aurora Cabenro at 2 (Nov. 27, 2017).

The Court determines that there is a genuine dispute with respect to whether Dr. Steele had GMH's permission to conduct the tracheostomy in response to Mr. McNeil's respiratory distress. Dr. Steele has provided only his interpretation of the bylaw governing the exercise of privileges outside those specifically assigned to a staff physician. GMH has provided sufficient evidence to dispute Dr. Steele's contention that he was authorized to perform the tracheostomy. The Court finds that based on the specific facts alleged by GMH, a reasonable jury could return a verdict in its favor. Accordingly, the Court concludes that summary judgment is not appropriate at this time.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Third Party Defendant John C. Steele, M.D.'s Motion for Summary Judgment.

SO ORDERED, this _28_ day of _February_ 2018.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
N Gavras, T. Fisher
J. Cook
Date: 2/28/18 Time: 1:10 pm.
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam